

45 Broadway, Suite 620
New York, NY, 10006
Tel: 212-248-7431
Fax:  212-901-2107

June 27, 2020

<u>Via ECF</u>
The Honorable Rachel P. Kovner, U.S.D.J.
United States Courthouse
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re: <u>Bower v. Sewanhaka Central High School, et al.</u>
         <u>Case No.: 20-CV-1491</u>

Dear Judge Kovner:

 This office represents Plaintiff, Caroline Bower, ("Plaintiff") in the above-entitled matter. On March 20, 2020, Plaintiff filed this action against Defendants Sewanhaka Central High School, Sewanhaka Central High School District Board of Education and Oronzo Rutigliano (collectively "Defendants").  Having reached an agreement to resolve this matter of a purely private concern, Plaintiff respectfully requests, with the consent of Defendants, that the Court seal the docket in this matter, which, given the extremely early stage of this action consists solely of the Complaint and related initiating documents.

 As the Complaint is a judicial document, there is a presumption of access secured by the First Amendment and the common law. *Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132, 141 (2d Cir. 2016).  Under the First Amendment, those proposing sealing need to demonstrate that closure is necessary to preserve higher values and is narrowly tailored to serve that value. *Id.* at 144.  Under the common law, "the presumption is a function of (1) the role of the material at issue in the exercise of Article III judicial power and (2) the resultant value of such information to those monitoring the federal courts, balanced against competing considerations such as privacy interests of those resisting disclosure." *Id.* at 142.  Thus, regardless of whether the First Amendment or the common law is considered, both tests envision a balance of public interests in an open judiciary versus private interests in the maintaining the privacy of personal concerns.

 Initially, it is important to note that this is the not the type of case, like *Bernstein*, which involves allegations as to public corruption, which are of obvious interest to the general public. Rather, this case consists of allegations of sexual harassment which are both highly sensitive and uniquely private to the parties.  Therefore, the public's interest in maintaining the open nature of

this action is limited to its interest in maintaining the openness of any action and there is no further interest specific to this case.

Although judicial decisions approving the sealing of an action are by their very nature sealed, the Federal Judicial Center conducted a study, published on October 23, 2009, available at https://www.uscourts.gov/sites/default/files/sealed-cases.pdf ("Sealed Cases in Federal Court"), where they examined any case filed in 2006 and sealed entirely to determine the reason for which the actions were sealed. Included within the section headed "Other Cases Sealed Because the Parties Wanted Them Sealed," is the following:

> Employment action dismissed as settled and permanently sealed. The complaint alleges a pattern of unwanted sexual advances. On stipulated dismissal, the judge issued an order permanently sealing the record "upon the request and stipulation of the parties, and for good cause shown." According to the judge, the pleadings and settlement agreement included explicit and personal material, so the parties requested the matter sealed.

Sealed Cases in Federal Court at 13. Indeed, courts have agreed to seal matters where the filed documents were not nearly as sensitive and appear merely to have caused potential reputational harm. *See id.* at 9, 13. As one judge concisely explained his or her decision to seal a case, "[o]nly a single individual's rights and interests were at stake and at interest. No general public issue was involved. Those private rights were vindicated. Accordingly, I entered an appropriate order." *See id.* at 12.

Here, the interests at stake were purely private and belonged solely to Plaintiff. Plaintiff's allegations, much like the case referenced above, were of an explicit and personal nature, describing a pattern of unwanted sexual advances, thereby setting forth a strong private interest in keeping this matter private. This private interest stands in significant contrast to the lack of any general public issue. Moreover, Defendants, the only other party with specific interest int this action, consent to this application. Therefore, given the imbalance between the public and private interests, Plaintiff respectfully requests that the Court close this matter and seal the docket.

We thank the Court for its time and attention to this matter.

Respectfully submitted,

    /s/Joseph A. Myers    
Marjorie Mesidor
Joseph A. Myers
*Attorneys for Plaintiff*

cc: Defendants' Counsel via ECF