UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
CAROLINE BOWER,

                      Plaintiff,                               ORDER
                                                                     20-cv-1491 (RPK) (ARL)
    -against-

SEWANHAKA CENTRAL HIGH SCHOOL,
SEWANHAKA CENTRAL HIGH SCHOOL
DISTRICT BOARD OF EDUCATION, and
ORONZO RUTIGLIANO, *individually*,

                      Defendants.
-----------------------------------------------------------X
RACHEL P. KOVNER, United States District Judge:

      Plaintiff filed this lawsuit against her former employer and supervisor, raising claims of sexual harassment, sex discrimination, and retaliation under state and federal law. *See* Compl. (Dkt. #1). Before the defendants appeared in the case, the parties reached a settlement. *See* Mot. to Seal Case at 1 ("Mot.") (Dkt. #6). Because the parties settled while the case was still in its early stages, the case file primarily consists of the complaint and docket sheet. Plaintiff now requests, with defendants' consent, that the case file be sealed. *Ibid.* As described below, I deny plaintiff's request.

DISCUSSION

      "The public and the press have a 'qualified First Amendment right to . . . access certain judicial documents.'" *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (quoting *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 91 (2d Cir. 2004)). These documents include complaints, *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139-40 (2d Cir. 2016), and docket sheets, *Hartford Courant Co.*, 380 F.3d at 93. Although judicial documents "may be kept under seal if . . . 'higher values' . . . so demand," *Lugosch*, 435

1

F.3d at 124, such restrictions require "specific, on the record findings" that "closure is essential to preserve higher values and is narrowly tailored to serve that interest," *id.* at 120 (quoting *In re New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)). The "sealing of an entire case file" is a "last resort." *Doe v. Berg*, No. 15-CV-9787 (RJS), 2016 WL 11597923, at *1 (S.D.N.Y. Feb. 10, 2016) (quoting *In re Platinum & Palladium Commodities Litig.*, 828 F. Supp. 2d 602, 603-04 (S.D.N.Y. 2011)); *see Bernstein*, 814 F.3d at 136, 140 (affirming denial of parties' request to close a case "while leaving it permanently sealed," after plaintiff was permitted to file the complaint under seal for 14 days and parties reached a settlement agreement within that time period); *Smith v. New York Presbyterian Hosp.*, 254 F. App'x 68, 70 (2d Cir. 2007) (noting that "lawsuits are rarely litigated under seal" because "the law disfavors closed proceedings").

Plaintiff's conclusory statement that the case "consists of allegations of sexual harassment" that are "highly sensitive and uniquely private to the parties," Mot. at 1, does not establish that sealing the case file "is essential to preserve higher values and is narrowly tailored to serve that interest," *Lugosch*, 435 F.3d at 120. The fact that a case involves allegations of sexual harassment cannot justify sealing the entire case file, in and of itself, because sexual harassment claims are regularly litigated publicly. *See, e.g.*, *Rice v. Smithtown Volkswagen*, 321 F. Supp. 3d 375, 381-82 (E.D.N.Y. 2018). Plaintiff's further assertion that this matter involves "a purely private concern," Mot. at 1, is also unavailing. Courts have commonly found that, to the contrary, "public interest in sexual assault and discrimination is very high." *Doe v. Skyline Autos. Inc.*, 375 F. Supp. 3d 401, 408 (S.D.N.Y. 2019). And while plaintiff is correct that scant litigation activity occurred before settlement, *see* Mot. at 1, the Second Circuit has recognized that the presumption of access to pleadings applies even when an early settlement is reached, *see Bernstein*, 814 F.3d at 140 (noting that "[e]ven in the settlement context, the inspection of

pleadings allows 'the public [to] discern the prevalence of certain types of cases, the nature of the parties to particular kinds of actions, information about the settlement rates in different areas of law, and the types of materials that are likely to be sealed'") (citation omitted).

Nor does a 2009 Federal Judicial Center (FJC) publication on which plaintiff relies establish that sealing is warranted. *See* Mot. at 2 (citing *Sealed Cases in Federal Courts*, FJC (Oct. 23, 2009), https://www.uscourts.gov/sites/default/files/sealed-cases.pdf). That FJC publication studied sealed filings in order to determine what kinds of cases had been sealed, how sealing had been requested, and how the sealing question had been decided, among other issues. *Sealed Cases* 1. Plaintiff relies on the FJC's short description of one employment lawsuit involving sexual harassment, in which the district court determined that the record should be sealed "for good cause shown." Mot. at 2 (quoting *Sealed Cases* 13). That capsule summary sheds little light on the facts or circumstances in that case, and falls far short of establishing that "closure is essential" in plaintiff's case. *See Lugosch*, 435 F.3d at 120.

Because plaintiff has not demonstrated that sealing the case file is "essential to preserve higher values and is narrowly tailored to serve that interest," *see ibid.*, plaintiff's motion to seal the docket is denied.

SO ORDERED.

                                                                                */s/ Rachel Kovner*
                                                                               RACHEL P. KOVNER
                                                                               United States District Judge

Dated: October 21, 2020
       Brooklyn, New York